■ MAE REIN, Individually and as a Stockholder of Oakside Estates, Inc. (Dissolved), on Behalf of Oakside Estates, Inc. (Dissolved), and of its Stockholders Similarly Situated, Appellant, v. OAKSIDE ESTATES, INC. (Dissolved) et al., Respondents.—In a stockholder's derivative action to set aside the dissolution of a corporation and certain conveyances of real property, and for other relief, the appeals are from so much of three orders as granted separate motions of respondents for summary judgment dismissing the complaint, and from judgments respectively entered in accordance therewith. Orders insofar as appealed from and judgments unanimously affirmed, with $10 costs and disbursements. The papers in support of each motion contained a detailed schedule of documents relied upon by the respondents, and these documents were produced in court when the motions came on to be heard. When appellant's attorney objected to the motions being heard because copies of the documents were not attached to and served with the moving papers, the Special Term offered appellant's attorney an adjournment, which was declined. The decision of the Special Term was based upon the documentary evidence produced by the respondents. In the light of these circumstances, the irregularity in not attaching copies of the documents to the moving papers will be disregarded. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ.

■ 10 REALTY INC., Respondent, v. BROOKMILL CORP. et al., Appellants, and C. I. P. REALTY Co. INC., Respondent, et al., Defendant.— In an action pursuant to article 15 of the Real Property Law to determine conflicting claims with respect to a right of way for ingress and egress, the appeal is from an order granting the motion of respondent 10 Realty Inc. directing appellants to sign a proposed stipulation and to comply with the terms thereof. The proposed stipulation purports to embody an agreement entered into in open court, by which agreement the action was settled and discontinued. The order also provides that if appellants fail to comply with the order, respondent 10 Realty Inc. may, without notice, apply for a judgment which shall include the terms of the proposed stipulation. Order reversed, without costs, motion denied, the stipulation entered into in open court set aside, and action remitted for trial. The claim of respondents 10 Realty Inc. and C. I. P. Realty Co., Inc., that appellants agreed to release a certain portion of their claimed easement in return for the agreed easement rights and other consideration is not sustained by the stipulation dictated in open court, and said claim appears to be contrary to that part of the dictated stipulation which provides that the agreed easement right of way was to be " Subject to all existing easements of record." Appellants' claim that they always had an easement of record and that the newly agreed easement was to be " subject " to it is inconsistent with the claim of respondent 10 Realty Inc. that appellants agreed to relinquish the easement of record for the newly agreed easement right. The stipulation dictated in open court did not clearly express the understanding of the parties, with the result that there was no meeting of the minds. Under the circumstances, the dictated stipulation is of no effect. Wenzel, Beldock, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., concurs for the reasons stated and for the further reason that the record discloses that the stipulation was obviously regarded by the parties as incomplete.